FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 16, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JUAN C.,[1]

              Plaintiff,

      v.

COMMISSIONER OF SOCIAL SECURITY,

              Defendant.

No. 4:17-CV-05159-EFS

**ORDER GRANTING SUMMARY JUDGMENT FOR DEFENDANT**

Before the Court, without oral argument, are cross summary judgment motions. ECF Nos. 12 & 13. Plaintiff, Juan C., appeals the Administrative Law Judge's (ALJ) denial of benefits. *See* ECF Nos. 1 & 12. Defendant, the Commissioner of Social Security, asks the Court to affirm the ALJ's determination that Plaintiff is not disabled and is capable of performing substantial gainful activity in a field for which a significant number of jobs exist in the national economy. *See* ECF Nos. 8 & 15. After reviewing the record and relevant authority, the Court is fully informed. For the reasons set forth below, the Court denies Plaintiff's Motion for Summary Judgment and grants Defendant's Motion for Summary Judgment.

---

[1] To protect the privacy of social-security plaintiffs, the Court refers to them by first name and last initial. *See* proposed draft of LCivR 5.2(c). When quoting the Administrative Record in this order, the Court will substitute "Plaintiff" for any other identifier that was used, and — for the sake of readability — the Court will refrain from using brackets to indicate such substitutions.

# I. Facts and Procedural History[2]

Plaintiff was born in 1971. *See* Administrative Record, ECF No. 9, (AR) 220. In February 2012, after Plaintiff suffered a workplace injury, an MRI of his lumbar spine showed desiccation of L4-5, disc bulging, facet hypertrophy, loss of disc height, posterior annular fissure, endplate irregularities, and spinal canal narrowing. AR 527. And in March 2013, Plaintiff underwent a left L4-5 far lateral discectomy with an endoscopic approach. AR 576. Since then, Plaintiff has continued to see his medical care providers regarding back-pain management. *See*, *e.g.*, AR 700-703.

In April 2013, Plaintiff protectively filed SSI and DIB applications, alleging an onset date of January 7, 2013. AR 220. His applications were denied initially and upon reconsideration. AR 100, 123. After conducting a hearing in September 2015 and a supplemental hearing in February 2016, Administrative Law Judge (ALJ) Ilene Sloan issued a decision finding Plaintiff not disabled for purposes of the Social Security Act. AR 32.

The ALJ found that Plaintiff has the following severe impairments: "lumbar spine degenerative disc disease with stenosis and disc protrusions with chronic left lower extremity referred/radicular pain, status post three hernia repairs, status post two left hand tendon repair, and obesity." AR 23. Regarding Plaintiff's residual

---

[2] Detailed facts are contained in the administrative hearing transcript, the ALJ's decision, and the parties' briefs. The Court summarizes only those facts that are relevant to its decision.

functional capacity (RFC), after taking those impairments into consideration, the ALJ found as follows:

> Plaintiff has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(b) and 416.967(b) except Plaintiff would be able to occasionally climb ramps and stairs, ladders, ropes, and scaffolds. Plaintiff would be able to frequently balance. Plaintiff would be able to occasionally stoop, kneel, and crouch. Plaintiff would never be able to crawl. Plaintiff must avoid concentrated exposures to hazards such as moving machinery and unprotected heights.

AR 25.

Given those limitations, the ALJ found that Plaintiff is unable to perform any of his past relevant work. AR. 31. But, based on testimony by a vocational expert, the ALJ went on to find that Plaintiff is "capable of making a successful adjustment to other work that exists in significant numbers in the national economy," namely, a telephone solicitor. AR 31–32.

The Appeals Council denied Plaintiff's request for review, AR 1, making the ALJ's decision the final agency action for purposes of judicial review.[3] Plaintiff filed this lawsuit on October 2, 2017, appealing the ALJ's decision. ECF No. 1. The parties then filed the present summary-judgment motions. ECF Nos. 12 & 13.

## II. Standard of Review

The Court will uphold an ALJ's determination that a claimant is not disabled if the ALJ applied the proper legal standards and there is substantial evidence in the record as a whole to support the

---

[3] *See* 42 U.S.C. § 1383(c)(3); 20 C.F.R. §§ 416.1481, 422.210.

decision.[4]   Substantial evidence is "more than a mere scintilla, but less than a preponderance.   It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[5]

### III.  Applicable Law & Analysis[6]

Plaintiff raises three issues: (1) whether the ALJ improperly rejected the opinions of Plaintiff's medical providers; (2) whether the ALJ erred in rejecting Plaintiff's subjective complaints; and (3) whether the hypothetical posed to the vocational expert at step five accurately reflected all of Plaintiff's limitations. ECF No. 12 at 5.   The Court addresses each issue in turn and, for the reasons that follow, affirms the ALJ's decision.

**A.   Medical Providers' Opinions**

Plaintiff first argues that "the ALJ improperly rejected the opinions of his treating and examining providers, including [ARNP] Ang and [ARNP] Roberts." ECF No. 12 at 7.   For purposes of Plaintiff's claim, advanced nurses, such as ARNP Ang and ARNP Roberts, are not considered "acceptable medical sources" but are instead "other sources" whose opinions are generally entitled to less weight than that of a physician.[7]   An ALJ need only give "germane reasons,"

---

[4]   *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)).

[5]   *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988) (citations and internal quotation marks omitted).

[6]   The applicable five-step disability determination process is set forth in the ALJ's decision, AR 20-21, and the Court presumes the parties are well acquainted with that standard process.   As such, the Court does not restate the five-step process in this order.

[7]   *See Huff v. Astrue*, 275 F. App'x 713, 716 (9th Cir. 2008). *But see* 20 C.F.R. § 404.1502 (adding licensed advanced practice nurse to the list of "acceptable medical sources" for claims filed on or after March 27, 2017).

supported by substantial evidence, to discredit other-source opinions.[8]

### 1. The ALJ provided germane reasons, supported by substantial evidence, for rejecting ARNP Ang's opinion.

As relevant here, in June 2015, Desiree Ang, ARNP — Plaintiff's treating provider who was overseeing his degenerative disc disease — filled out a checkbox medical questionnaire. AR 279. ARNP Ang checked a box that stated, "I do not believe that this patient is capable of performing any type of work on a reasonably continuous, sustained basis." AR 759. In addressing this opinion, the ALJ stated as follows:

> I give this opinion no weight because Mrs. Ang did not provide an explanation for the claimant's limitation or a function-by-function analysis of the claimant's impairments (SSR 96-8p). Moreover, Ms. Ang is not [an] acceptable medical source with the expertise necessary to render such an opinion. In addition, I find the opinions of the medical expert to be the most informed, consistent with the medical evidence of record, and consistent with the record as a whole.

AR 30.

In her decision, the ALJ correctly noted that ARNP Ang's opinion regarding Plaintiff's inability to work was unsupported by any explanation or a function-by-function analysis.[9] Plaintiff points to a series of treatment notes that — he argues — support ARNP Ang's opinion that he is unable to perform any work activity on a consistent basis. ECF No. 12 at 10. For instance, Plaintiff quotes ARNP Ang as

---

[8] *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

[9] *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (citations omitted). (holding that an ALJ may discount medical-source opinions that are conclusory, brief, and unsupported by the record as a whole or by objective medical findings).

stating, "His gait was antalgic, he had diminished sensation, positive straight leg raise, and difficulty with heel-toe walking." ECF No. 12 at 9. The record shows, however, that ARNP Ang actually reported as follows: "*Mild* difficulty with heel and toe walking, favoring the left. Gait is *slightly* antalgic, *but steady*." AR 575 (emphasis added).

Further, although some of ARNP Ang's treatment notes arguably could have supported her opinion, others were inconsistent with such an opinion.[10] And ARNP Ang did not indicate which particular treatment notes or test results she was relying upon in arriving at her June 2015 opinion. Moreover, the ALJ acted within her discretion in deciding to give more weight to the opinion of the medical expert, who was an orthopedic surgeon and therefore more highly trained than an ARNP in the field of orthopedic medicine.[11]

The ALJ provided germane reasons, supported by substantial evidence, for rejecting ARNP Ang's opinion. The ALJ did not err in assigning it no weight.

> **2. The ALJ provided germane reasons, supported by substantial evidence, for discounting ARNP Roberts' opinion.**

In October 2013, Jason Roberts, ARNP, completed an assessment in which he opined that Plaintiff was limited to sedentary work. AR 587. The ALJ gave this opinion little weight because "even though it is consistent with the medical evidence supporting the claimant's

[10] *See, e.g.*, AR 700 ("Plaintiff's current medication regimen has been moderately sufficient in keeping his symptoms down to a more manageable level.").

[11] *See Gomez v. Chater*, 74 F.3d 967, 970-71 (9th Cir. 1996).

sedentary residual functional capacity, Mr. Roberts did not provide an explanation for the claimant's limitation and a function-by-function analysis of the claimant's impairments." AR 29.

As with ARNP Ang's opinion, the ALJ provided a germane reason, supported by substantial evidence, for discounting ARNP Roberts' opinion.[12] The ALJ did not err by giving it little weight. Even more, Plaintiff does not show how the ultimate outcome would have been different if the ALJ gave greater weight to ARNP Roberts' opinion. Indeed, the ALJ's RFC findings arguably included all the functional limitations opined by ARNP Roberts.[13]

**B. Plaintiff's Subjective Complaints[14]**

In making an adverse credibility determination regarding a claimant, an ALJ may consider, among other things, (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) the claimant's daily living activities; (4) the claimant's work record; and (5) the nature, severity, and effect of the claimant's condition.[15] Here — contrary to Plaintiff's second argument, *see* ECF No. 12 at 11 — the

---

[12] *See Batson*, 359 F.3d at 1195 (citations omitted). (holding that an ALJ may discount medical-source opinions that are conclusory, brief, and unsupported by the record as a whole or by objective medical findings).

[13] *Compare* AR 25 (ALJ limiting RFC to sedentary work with restrictions on activities such as stooping, kneeling, and crouching) *with* AR 586 (ARNP Roberts indicating "moderate" limitations in areas such as walking, reaching, and crouching).

[14] The standard for analyzing a claimant's symptom testimony is set forth in the ALJ's decision, *see* AR 25, and the Court presumes the parties are familiar with that standard. As such, the Court does not restate it here.

[15] *Thomas v. Barnhart*, 278 F.3d 947, 958–59 (9th Cir. 2002).

ALJ provided specific, clear and convincing reasons for rejecting portions of Plaintiff's symptom testimony.[16]

The ALJ had good reason to question Plaintiff's reputation for truthfulness. As the ALJ noted, Plaintiff admitted to frequently lying about being out of work. He also admitted that he did not inform the different government agencies about his surgeries in order to continue collecting unemployment benefits. AR 27. In her decision, the ALJ said the following:

> In addition, his receipt of unemployment benefits further erode the consistency of the claimant's allegations. In the third quarter of 2013, the claimant received and exhausted unemployment benefits (7D, 6F). In order to receive unemployment benefits, the claimant had to certify he was "able to, available for, and actively seeking full time work." The claimant offered no persuasive explanation at his hearing for this major inconsistency in his claims.

AR. 26.

The ALJ articulated even more inconsistencies between Plaintiff's testimony, the record, and his daily living activities. For instance, the ALJ found that Plaintiff "is able to go grocery shopping without the need for assistance. He cooks and prepares meals independently." AR 26.

Plaintiff argues that the ALJ's analysis "is not an accurate depiction" of his activities. ECF No. 12 at 12. As support, Plaintiff points out that he "testified he did *not* cook and would instead have a protein shake that lasted him all day." ECF No. 12 at 12 (emphasis in original). He also testified that grocery shopping "was done only when his children were there to carry the groceries because he could

---

[16] *Cf. Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014)

not." ECF No. 12 at 12. Plaintiff's arguments, however, only highlight the inconsistencies that were of concern to the ALJ. After all, Plaintiff had recently reported being able to grocery shop and cook meals unaided.[17]

The ALJ stated clear and convincing reasons that were supported by substantial evidence in finding Plaintiff's subjective complaints were not entirely credible. Thus, she did not err by discounting Plaintiff's symptom testimony.

**C.    The ALJ's Hypothetical to the Vocational Expert**

In January 2014, Patrick B. Reilly, Ph.D. performed a psychological examination of Plaintiff. AR 592–97. Plaintiff's last argument is that the ALJ's hypothetical at step five "failed to account for limitations set forth by [ARNP] Ang and Dr. Reilly." ECF No. 12 at 15. As a preliminary matter, as discussed above, the Court already found the ALJ did not err by omitting the limitations set forth by ARNP Ang.

As to Dr. Reilly's report, Plaintiff cherry-picks particular portions and ignores important aspects of Dr. Reilly's opinion. Plaintiff includes a quote in which Dr. Reilly stated that "there does appear to be a moderate degree of decompensation in a work like setting related to interpersonal interactions, task persistence, self-regulations, self-management, task accomplishment and generalized organizational skills." ECF No. 12 at 15 (citing AR 596). Plaintiff

---

[17] In a 2014 mental evaluation of Plaintiff, Patrick B. Reilly, Ph.D. stated as follows: "With regard to grocery shopping, the claimant reports being able to independently achieve the task without the need for assistance. In terms of cooking, he reports cooking and preparing meals independently." AR 595.

1  also relies on a quote stating that Plaintiff's "prognosis was poor

2  for the next 12 months and his persistent symptoms brought into doubt

3  the likelihood of a full recovery." ECF No. 12 at 15 (citing AR 596).

4  Plaintiff uses these statements out of context to argue that the ALJ

5  "did not include any associated limitations on interpersonal

6  interactions, task persistence, or other limitations outlined by

7  Dr. Reilly in the hypothetical to the vocational expert." ECF No. 12

8  at 15.

9      Dr. Reilly's report, however, did not set forth any such

10  limitations. In the "Functional Assessment" portion of the report,

11  Dr. Reilly gave the following opinion:

12      Sustained concentration and persistence: The claimant's
        attention and concentration characteristics appear to be
13      *within normal limits* based on performance data related to
        serial sequences, mental rotation, and execution in multi-
14      step directions.

15      Social interaction: The claimant's social interaction
        characteristics appear to be *within normal limits* based on
16      performance data related to general appearance, attitude,
        general behavior, and the ability to follow conversation
17      appropriately.

18      Adaptation: The claimant's adaptive characteristics and
        abilities appear to be *within normal limits* based on
19      report, history, and evidence of activities of daily
        living, social functioning, task persistence, and pacing of
20      living skills.

21  AR 597.

22      Thus, the ALJ met her burden at step five and did not err by

23  omitting any additional limitations as to interpersonal interactions

24

25

26

1  or task persistence in the hypothetical posed to the vocational

2  expert.[18]

### IV.  <u>Conclusion</u>

4      In summary, substantial evidence in the record as a whole

5  supports the ALJ's determination.[19]  The ALJ provided germane reasons,

6  supported by substantial evidence, for rejecting the opinions of ARNP

7  Ang and ARNP Roberts.[20]  Similarly, the ALJ provided clear and

8  convincing reasons, supported by substantial evidence, for discounting

9  Plaintiff's subjective symptom testimony.[21]  And, when posing the

10 hypothetical to the vocational expert, the ALJ was not required to

11 include additional limitations based on Dr. Reilly's report.

12     Accordingly, **IT IS HEREBY ORDERED**:

13     **1.**   Plaintiff's Motion for Summary Judgment, **ECF No. 12**, is

14          **DENIED**.

15     **2.**   Defendant's Motion for Summary Judgment, **ECF No. 13**, is

16          **GRANTED**.

17     **3.**   For the foregoing reasons, the Commissioner's final

18          decision is **AFFIRMED**.

19     **4.**   The Clerk's Office is directed to enter **JUDGMENT** for

20          Defendant.

---

[18] *See Shaibi v. Berryhill*, 870 F.3d 874, 880 (9th Cir. 2017) (holding that an ALJ's interpretation need only be rational to be upheld); *see also Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1222-23 (9th Cir. 2010) (holding that the hypothetical posed to a vocational expert need only be consistent with credibly assessed limitations).

[19] *See Molina*, 674 F.3d at 1121.

[20] *See id.* at 1111. *C.f. Haagenson v. Colvin*, 656 Fed. App'x 800, 802 (9th Cir. 2016) (holding that ALJ's dismissal of opinions of nurse and counselor solely because they were "other sources" was reversible error).

[21] *See Thomas*, 278 F.3d at 959.

1    **5.**   The case shall be **CLOSED**.

2    **IT IS SO ORDERED.** The Clerk's Office is directed to enter this

3    Order, enter Judgment for Defendant, and provide copies to counsel.

4    **DATED** this   16th   day of August 2018.

5

6                           s/Edward F. Shea
                          EDWARD F. SHEA
                 Senior United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26